

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TONY G. HEWITT, *et al.*, ) | |
| ) | |
| Petitioners, ) | 3:13-cv-00015-RCJ-VPC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| THE EIGHTH JUDICIAL DISTRICT ) | |
| COURT OF THE STATE OF NEVADA, ) | |
| IN AND FOR THE COUNTY OF ) | |
| CLARK, et al., *et al.*, ) | |
| ) | |
| Respondents. ) | |

Petitioners have submitted one petition for writ of prohibition (ECF #1-2). Both petitioners have submitted applications to proceed *in forma pauperis* (ECF #s 1, 1-1).

Petitioners challenge the lifetime supervision to which they will become subject when they expire their sentences in the near future as "unconstitutionally ex post facto."

The Ninth Circuit Court of Appeals has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010).

1          Moreover, petitioners have named the Eighth Judicial District Court and a state district court judge as respondents. However, a petitioner must name the state officer who has custody of him or her as the respondent in a federal habeas petition. Rule 2(a), Rules Governing Section 2254 Proceedings; *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir.1994). This person typically is the warden of the facility in which the petitioner is incarcerated. "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." *Stanley*, 21 F.3d at 360. If petitioner fails to name the proper respondent in his petition, the court may allow petitioner to amend his petition to name the correct respondent. *See id.*

        Thus, the present action will be dismissed without prejudice to the filing of new, separate petitions by each petitioner, or a new petition in a new action with an application to proceed *in forma pauperis* on the proper form with both an inmate account statement for the past six months and a properly executed financial certificate for each petitioner. The court notes that the circumstances in which multiple petitioners are permissible is rare; generally under Rule 2 of the Rules Governing Section 2254 Cases, the petition must be submitted on the court-approved form and separate petitions must be submitted for judgments of separate courts.

        It does not appear from the papers presented that a dismissal without prejudice will materially affect a later analysis of any timeliness issue with regard to a promptly filed new action.

        **IT IS THEREFORE ORDERED** that this action is **DISMISSED** without prejudice to the filing of a new petition in a new action (or new petitions in new actions) with one or more properly completed applications to proceed *in forma pauperis* as applicable.

        **IT IS FURTHER ORDERED** that the application to proceed *in forma pauperis* (ECF #1) is **DENIED** as moot.

        **IT IS FURTHER ORDERED** that the Clerk shall send each petitioner two copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a noncapital Section

1 | 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers
2 | submitted in this action.

      Dated this 29th day of January, 2013.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE